Mr. Chief Justice ShaRKey
delivered the opinion of the Court.
The plaintiffs in error brought this action on a bond with a condition. The defendant pleaded non est factum, and also three special pleas, to which the plaintiffs demurred, and the Court overruled the demurrer; and it is to reverse this judgment that the plaintiffs have brought up the case. The defendant’s counsel admit that one of the special pleas is bad, but insist that 'the demurrer should be extended to the declaration, on the ground that it shows no cause of action, as the bond imposed no obligation. In this attitude of the case it becomes necessary to determine, in the first place, whether the bond is obligatory on the obligors, and if it is not, then there is an end of the action ; but if it is, then it will be necessary to say whether the breach assigned is well answered by the two special pleas. '
The bond is a joint and several obligation, made by William Bosbyshell and William Laughlin, the latter alone being sued, and is payable to Emanuel & Barnett, for the sum of $1484. It recites, “ that whereas, the abovenamed Emanuel & Barnett have sued out a writ of attachment against the goods and chattels, rights and credits of James E. Bosbyshell, and whereas, Charles Whitehall, an acting constable of the county of Warren, hath levied said attachment upon certain goods and chattels claimed by said William Bos- *356 byshell; now if the said James E. Bosbyshell shall, be and appear before the Circuit Court of the county of Warren at the next term thereof, and shall then and there answer the plaint of the said Etnanuel & Barnett, and then and there abide by the judgment and decree of said Court, and pay and satisfy any judgment or decree awarded against him, together with all costs and damages that may be decreed by said Court, then this obligation to be void ; else to remain in full force and virtue.”
The difficulty lies in the question, whether this is a statutory bond, or only a contract between the parties. In the case of Garrett v. Tinnin, 7 How. 475, it was held that a bond given to replevy property attached for a debt due, differed but little from a special bail bond, and as special bail was abolished by the act of 1840, a defendant might replevy property attached by his appearance. As a consequence of that decision, the obligation of a bond given to replevy property attached, is discharged by the appearance of the defendant. But when an attachment issues for a debt not due, the debtor cannot release the property without giving bond to pay the debt. It is contended for the plaintiffs that this bond was given on a contract between the parties, whilst for the defendant it is insisted that it was giyen to replevy property, and falls within the decision of Garrett v. Tinnin.
The defendant, in attachment, by the 15th section of the statute, has two modes of replevying; he may appear and put in special bail to the action ; or he may give bond to the officer levying the attachment, that he will appear at Court and abide by and perform the judgment of the Court. Is this such a bond as the officer is empowered to take ? It is true, it is conditioned that James E. Bos-byshell should appear at the next term of the Court and answer to the plaintiffs’ action, and should abide by and pay the judgment; but the bond is not given by James E. Bosbyshell, nor by William Bosbyshell as agent, nor does it appear that it was given to re-plevy the property. The statute does not give to strangers the power to replevy on giving bond. William Bosbyshell, it seems from the recital, claimed the property ; but it is not a claimant’s bond. When the property attached is claimed by any other person than the defendant, such claimant, by the 22d section of the statute, may in- *357 terplead without giving bail, but the property is not replevied. Now, although William Bosbyshell claimed the property, this bond, even if it,was authorized by statute, does not bear upon its face evidence that it was given to enable him to hold the property and assert his claim. Neither is this such a bond as we may suppose a defendant in an attachment not due would give. From its face it is impossible to say for what purpose it was given, if designed to be a statutory bond. True, we may conjecture, but it will not do to decide upon mere conjecture. It may have 'been given to replevy property levied on under an ordinary attachment, or it may have been given to release property taken under a judicial attachment; it is as applicable to the one case as the other, and not appropriate in either, because it is the bond of strangers, and the statute does not require the officer levying an attachment to deliver the property to any one who will give bond. It is usual in bonds given to replevy property attached, to recite particularly what sort of attachment it is, and for what amount^; but this bond does not do these things. It does not appear that any property was delivered up to the obligors ; altogether, therefore, we are unable to say, with anything like certainty, that this is a statutory bond, taken by an officer who had levied an attachment. Indeed, it does not appear that an officer had any agency in the matter ; it is made payable to Emanuel & Barnett. As we cannot say that it is a statutory bond, there is no ground for extending the demurrer to the declaration, because of the invalidity of the bond for want of authority to take it; we can only regard the bond then as a contract between the parties. Considered in this light, if it showed on its face, that it was given for an illegal consideration, then the demurrer might reach the declaration, but it does hot show for what it was given. We are quite as much at a loss as to its consideration as we are about its true character. This being the case, we must regard the seal as importing a consideration. Regarding it then as a private contract under seal, the only remaining question is as to the sufficiency of the pleas.
' The plaintiffs aver the recovery of a judgment against James E. Bosbyshell, the issuance of an execution, and a return of nulla bona; and assign as a breach of the condition of the bond, the non-payment of the judgment and the costs.
*358 In the second plea, the defendant avers that James E. Bosby-shell appeared at the return term of the attachment and answered the “ plaint, ” and in all" other things kept and performed the conditions of the said writing obligatory. By the third plea, the defendant avers that said James E. Bosbyshell has not nor hath the defendant failed to keep and perform the conditions of the writing obligatory. These pleas amount only to general performance, which is bad to a declaration on a bond with conditions, in which special breaches are assigned. The plaintiffs could not reply to these pleas except by repeating the breach already assigned. The pleas are bad in not showing time, place, and manner of performance.
By the fourth plea, it is averred that the said James E. Bosby-shell was, at the time of the rendition of said judgment, amenable to the Circuit Court of Warren county ; but that the plaintiffs wholly failed to sue out a capias ad satisfaciendum on said judgment. This is not a valid answer to the declaration, and is therefore bad. ■ The demurrer then to these pleas should have been sustained ; for which reason the judgment must be reversed, and the cause remanded. And we suggest the propriety of allowing the defendant so to amend his pleading as to show fully the nature and object of the bond sued on, and whether it was valid or not. If it was in reality a replevy bond, given on levying an attachment, then all that was obligatory 'on the defendant was to appear and plead to the action.